**MARYLAND CASUALTY COMPANY,**
Defendant, Appellant,

v.

**Pedro FIGUEROA, Plaintiff, Appellee.**

No. 6579.

United States Court of Appeals
First Circuit.
April 20, 1966.

---

818

Francisco Agrait Oliveras, San Juan, P. R., with whom Rivera Zayas, Rivera, Cestero & Rua, San Juan, P. R., was on brief, for appellant.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal by defendant, Maryland Casualty Company, from a jury verdict awarded to plaintiff, a citizen of Puerto Rico, in the amount of $35,000 for personal injuries. The accident occurred when plaintiff, an independent contractor, and some of his employees were delivering some iron frames to the site of an apartment building under construction by defendant's assured. The frames, each weighing 150 pounds, were being stored in the area designated by the assured when the pile toppled and one of the frames struck and injured plaintiff.

The complaint was founded on allegations both of negligence and of absolute liability on the part of defendant's assured. The charge to the jury included instructions on both points and gives rise to the major issue in this case.

The court gave a comprehensive instruction to the jury, and a supplementary one. The first instruction, while including appropriate remarks on the law of negligence and a disavowal that the "assured is a guarantor or insurer of the safety of the place to work", also contained the opposite guidance, i. e., that assured had the obligation to maintain the premises in an absolutely safe condition.

The supplemental instruction was given in response to the jury's doubt as to the definition of negligence and the desire of some jurors to hear the substance of the complaint. The court then gave a further and well chosen elaboration of the definition of negligence. This was followed, in summarizing the complaint, by these words: "Now subparagraph B, the stow (i. e., the pile of frames) fell, due to the dangerous condition of the ground, which was not firm enough and caved in. Practically that's the whole issue. That's all you have to decide * * *."

Notwithstanding the possibility that the jury may have based its decision on a finding of negligence, we must assume in this review that it merely found that there was a cave-in, that the area was simply not safe in fact, although defendant's assured was free of any negligence.

The verdict, under this charge, can be supported only if the Puerto Rico criminal statute [1] requiring employers to pro-

1. 29 Laws of Puerto Rico Ann. § 322.
   "1. Every employer shall provide safe employment to the laborers employed and a safe place of employment both to workmen and frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods, processes and systems reasonably adequate to render such employment and places of employment safe, and shall do everything reasonably necessary to protect the life, health, safety, and welfare of said employees. Every employer or owner of a place of employment now or hereafter constructed shall so construct, repair, modify or maintain such place of employment as to render the same safe, and every engineer or architect who prepares

vide a safe place for workmen can be so read as to constitute a basis for the imposition of civil liability without fault.

This "safe place" statute levies duties on employers and owners of places of employment toward workmen and "frequenters" of such places to provide and maintain an absolutely safe place of employment, to prevent workmen from going to any such place that is not absolutely safe, and also to use devices, methods, and systems "reasonably adequate" to render such places safe. Our reading of the statute reveals six requirements phrased in terms of absolute safety and seven requirements phrased in terms of reasonable efforts.

Plaintiff, while asserting that "this particular statute has not been construed by the Supreme Court of Puerto Rico", nevertheless urges that decisions of that court imposing civil liability without proof of negligence for violations of other criminal statutes require us so to apply the safe place statute in this case.[2]

We disagree. Even were the statute to be construed as a basis for

civil liability, the charge in this case was defective. The statute contains another section, defining terms used, not quoted by either counsel, 29 Laws of Puerto Rico Ann. § 321(L):

> " 'Safe' or 'safety', as applied to an employment or place of employment, means the methods, means and systems of protection that insure safety to the life, health, and welfare of the employees, *according as the nature of the employment and/or the place of employment may permit.*" [Emphasis supplied.]

Even assuming, which we do not, that the safe place statute fixes the duty of defendant's assured in this case, the question to be decided by the jury was more complex than whether or not there was a cave-in. While the duty, under plaintiff's view of the case, may have been more than that to exercise reasonable care, the statutory definition makes clear that it was something less than that of insuring absolute safety irrespective of what the nature and/or place of employment might permit.

plans for the construction of a place of employment shall so prepare said plans as to insure complete safety for such place of employment.

2. No employer, owner or person may:

  (a) require, permit or suffer any workmen or employee to go to or remain in any employment or place of employment which is not absolutely safe;

  (b) fail to furnish, provide and/or use safeguards and safety devices;

  (c) fail to adopt and use methods and processes reasonably adequate to render such employment and place of employment absolutely safe;

  (d) fail or neglect to do everything reasonably necessary to protect the life, health, safety and welfare of employees;

  (e) hereafter construct, maintain, or occupy any place of employment that is not absolutely safe;

  (f) prepare and permit the preparation of plans which do not provide for the necessary safety of such places of employment.

3. No employee or workman shall remove, displace, damage, destroy, or carry away any safety device or safeguard furnished and provided for use in any employment or place of employment, nor in any way interfere with said safety device

or apparatus while in use by other persons, nor shall any employee interfere with the use of any method, process or system adopted for the protection of employees or place of employment, nor fail or neglect to do everything reasonably necessary to protect the life, health, safety and welfare of the laborers or employees."

2. Plaintiff has collected cases imposing civil liability for injury or loss resulting from a violation of a scaffold railing law (Diaz v. Arkadia Sugar Co., 1919, 27 P.R.R. 537); a law prohibiting the employment of minors (Rivera v. Ribas, 1929, 31 P.R.R. 341); the Reasonable Rents Act (Nunez v. Rodriguez, Civ. Action No. 62,-288, Sup.Ct.P.R., Sept. 30, 1913; Martinez v. Llavat, Civ. Action No. 12,747, Sup.Ct.P.R., Oct. 18, 1962); cases proceeding on the theory of breach of implied warranty (Castro v. Payco, Inc., 1953, 75 P.R.R. 59; Martinez v. Martinez, 1955, 78 P.R.R. 225; Armstrong v. Martinez, Civ. Action No. 11,427, Sup.Ct. P.R., April 19, 1955); and Goenaga v. West Indies Trading Corp., et al., Civ. Action Nos. 10,142, 10,249, Sup.Ct.P.R., June 28, 1963—breach of Civil Code duty to maintain lessee in peaceful enjoyment.

But we do not rest our decision solely on this narrow base. The statute in question has been in effect in Puerto Rico since May 5, 1939. The very fact that it has not been availed of to impose civil liability without fault in over a quarter of a century is not without significance. Indeed, we may observe that the case cited by plaintiff as "the most revealing" of all, Goenaga v. West Indies Trading Corp., et al., supra, n. 3, (involving a lessor, who, with knowledge of the hazard, permitted a lessee to engage in the fumigation of tobacco using a potentially explosive chemical, to the loss of a co-lessee) could have been disposed of very simply on the basis of the safe place statute. But no mention was made by the Supreme Court of Puerto Rico of this possible basis of liability.

■ While we recognize, as plaintiff's citations indicate (supra, n. 3), that the Supreme Court of Puerto Rico may sometimes construe the social purpose of specific statutes as sufficiently strong to warrant the imposition of civil liability for their violation, we doubt very much that it would work a doctrinal revolution in the law of liability affecting every employer and owner of property in Puerto Rico on which work takes place, without legislative consideration and action. To do so would substantially erode the general principle, recognized by Puerto Rican law, that, absent specific reasons of law or policy, liability should be predicated on negligence. See Robin Farms, Inc. v. Correa, 1962, 84 P.R.R. 586.

■ Admittedly, constructions of similar legislation in other jurisdictions are not controlling, but, in the absence of any contrary Puerto Rican view, they are relevant. Accordingly, the fact that similar safe place statutes have not been construed as a basis for imposing liability without fault is persuasive. Sykes et al. v. Bensinger Recreation Corp., 7 Cir., 1941, 117 F.2d 964 (Wisconsin statute). See Buffington v. Owosso Mfg. Co., 8 Cir., 1939, 105 F.2d 692 (Arkansas statute).

We therefore must remand the cause for retrial confined, insofar as the issue of liability is concerned, to the question of negligence on the part of defendant's assured and of the contributory negligence of plaintiff.

■ Although defendant has urged a miscellany of other alleged errors relating to the conduct of the trial, we find no merit in them, with the exception of the admission of certain photographs of the scene of the accident. While they were established as "photographs of the condominium in the process of construction," there was no proof that they fairly represented the locus of the accident at any reasonably proximate point of time. While this ruling appears erroneous, we fail to see any prejudice to defendant in the light of counsel's statement in his brief that the photographs showed no cave-in of the soil. In the event of retrial, however, a more specific foundation for such photographs should be required.

Judgment will be entered setting aside the verdict and vacating the judgment of the District Court and ordering a new trial not inconsistent with this opinion.