**Alfredo BUSSATI et al., Plaintiffs,**

**v.**

**GRACE & COMPAÑIA, PUERTO RICO, Defendant.**

**No. Civ. 191–67.**

United States District Court
D. Puerto Rico.

Oct. 20, 1967.

Gilberto R. Padro Diaz, Arecibo, P. R., for plaintiffs.

McConnell, Valdes, Kelley & Sifre, Gonzalo Sifre, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

Defendant has moved pursuant to Rule 12(b) (6) for an order dismissing the complaint for failure to state a claim against the defendant upon which relief can be granted or, in the alternative, for summary judgment in its favor. The principal ground advanced by defendant in support of its motion is that the action, if any, that the plaintiff may have had against the defendant, is prescribed pursuant to Article 1868 of the Civil Code of Puerto Rico, 1930 edition (31 LPRA 5298).

The complaint sets forth two causes of action.

### FIRST CAUSE OF ACTION

The first cause of action alleges that in 1959, during the course of their employment by defendant, the plaintiffs contracted "bagassosis," a compensable occupational disease under the Workmen's Accident Compensation Act of Puerto Rico. 11 LPRA Section 1 et seq. ("the Act"). This cause of action further alleges that each of the plaintiffs was permanently incapacitated and disabled physically and mentally by the disease, and that at the time the disease was contracted by them the defendant was an uninsured employer in violation of the Act. The parties have stipulated that the illness of each of the plaintiffs was reported by defendant to the State Insurance Fund in 1959 and that each of the plaintiffs received from said Fund medical attendance, including hospital services where necessary, and the compensation allowed by the Act.

The first cause of action has been brought pursuant to Section 16 of the Act which provides, in substance, that in the case of an uninsured employer any prejudiced workman or employee may proceed against such employer by filing a petition for compensation with the Industrial Commission and may also bring suit for damages against the employer just as if the Act were not applicable.

Defendant's contention in this respect is that the action for damages so permitted by Section 16 of the Act is the action for damages based on negligence authorized by Article 1802 of the Civil Code (31 LPRA 5141) and that more than one year having elapsed from the time that the plaintiffs had knowledge of the illness said action is prescribed in accordance with Article 1868 of the Civil Code. In this connection, plaintiffs concede that negligence is an essential element of their first cause, but they answer that the action for damages permitted by Section 16 of the Act is an action "sui generis," having a fifteen-year limitation and not a tort action under Article 1802 of the Civil Code, having a one-year limitation pursuant to said Article 1868 of the same Code.

In support of their contention plaintiffs cite only one case, namely, Rivera v. Industrial Commission, 67 PRR 526 (1947). However, Rivera vs. Industrial Commission, supra, did not involve an action for damages pursuant to Section 16 of the Act. It involved administrative proceedings before the Industrial Commission on a claim for compensation under the Act, and not an action at law to recover damages for negligence. Therefore, that case is entirely distinguishable and does not support plaintiffs' contention.

On the other hand, defendant cites Castro vs. Marrero, 54 PRR 189 (1939), Quiñones vs. Méndez, 57 PRR 100 (1940) and Silva vs. Luce & Co., 44 PRR

307 (1932). On the basis of these three cases, this Court concludes that the first cause of action is the ordinary action for damages based upon fault or negligence contemplated by Article 1802 of the Civil Code, and that said action is prescribed pursuant to Article 1868 of the same Code which provides that actions arising from the fault or negligence contemplated by Article 1802 of the Code prescribe in one year from the time the aggrieved person had knowledge of the injury. Since the complaint was filed on March 31, 1967, i. e., almost eight years after the plaintiffs had knowledge of the illness, the first cause of action had prescribed at the time of the filing of the complaint.

## SECOND CAUSE OF ACTION

The second cause of action purports to be based upon an alleged breach of contract resulting from an alleged violation of Section 322 of Title 29 of the Laws of Puerto Rico Annotated. Plaintiffs' contention is, in substance, that the provisions of said Section 322 must be read into the employment relationship between each of the plaintiffs and the defendant, and that, consequently, the defendant breached the contract of employment by not keeping a safe place of work as required by this provision. If this contention were supportable, the applicable statute of limitations would be fifteen years. Plaintiffs do not cite one single applicable case in support of their contention. On the contrary, for the reasons hereinafter set forth this Court finds plaintiffs' contention to be not supportable.

The Section in question provides that an employer must make available a safe place for employees to work and authorizes the Secretary of Labor to promulgate rules and regulations to provide enforcement. The statute further provides penalties, both civil and penal, which may be levied in case of noncompliance.

Section 322 of Title 29 is a criminal statute. Maryland Casualty Co. v. Figueroa, 358 F.2d 817, 818 (1st Cir. 1966). Plaintiffs have failed to cite a single case holding that such a criminal statute must be or should be read into employment contracts. This Court has found none. The Supreme Court of Puerto Rico has held that civil liability may be based upon a breach of a criminal statute under certain circumstances. (See e. g. Guzman v. Vidal, 19 PRR 800 (1913). The Supreme Court has further held, on the contrary in Guzman v. Vidal, supra, that such a civil action for damages is governed by the provisions of Article 1802 of the Civil Code. A claim for civil liability *ex delicto* has thus been held to prescribe in one year, pursuant to Article 1868 of the Civil Code.

■ The decision by the Supreme Court of Puerto Rico in Martinez v. Llavat, 86 PRR 235 (1962), involving an action brought by a lessee against his lessor on a written lease and containing allegations concerning the Reasonable Rents Act of Puerto Rico (17 LPRA Section 181 et seq.), itself a criminal statute, further supports the conclusion that a civil action for noncompliance with a criminal statute is an action *ex delicto* with the same prescriptive period as an action for fault or negligence (torts) under Article 1802 of the Civil Code.

■ Therefore, even if this Court were to find that plaintiffs had an action independent of that permitted by Section 16 of the Act, it could only be a civil action *ex delicto* in connection with Section 322, which also prescribes after one year.

For the reasons heretofore set forth, it is the conclusion of this Court that there is in this case no genuine issue as to any material fact, and therefore Summary Judgment in favor of defendant is hereby ordered and decreed.