Alfredo **BUSSATI** et al., Plaintiffs, Appellants,

v.

**GRACE & COMPANIA, PUERTO RICO,** Defendant, Appellee.

No. 7051.

United States Court of Appeals First Circuit.

June 13, 1968.

Wallace Gonzalez-Oliver, Santurce, Puerto Rico, with whom Gilberto R. Padro-Diaz, Arecibo, and Gonzalez, Jr., Gonzalez-Oliver & Novak, Santurce, Puerto Rico, were on brief, for appellants.

Gonzalo Sifre, San Juan, Puerto Rico, with whom Raymond L. Falls, Jr., New York City, McConnell, Valdes, Kelley & Sifre, San Juan, Puerto Rico, and Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Appellants, all residents of Puerto Rico, brought an action in March 1967 against appellee, Grace & Compania, Puerto Rico (Grace), a Delaware corporation, in the United States District Court of Puerto Rico. All appellants had been employed at Grace's Arecibo mill during 1959, except for three appellants who are the widow and children of a former Grace employee, Gilberto Miranda-Betancourt, who died intestate on February 27, 1960.[1]

Appellants alleged that while working for Grace in 1959 each of them, with the exception of the above three, contracted and sustained permanent disability from "bagassosis",[2] a compensable occupational disease under the Workmen's Accident Compensation Act (Act), 11 L.P.R.A. § 1 et seq. They claimed that at the time they contracted the disease Grace was an uninsured employer, in violation of the Act. Grace reported the appellants' illness to the State Insurance Fund in 1959 and each of the employees received from the Fund medical assistance, including hospital services where necessary, and the compensation allowed by the Act. There was no written contract of employment between Grace and any of the appellants. Each of the appellants did, however, complete and submit to the defendant a form entitled "Application for Employment". Upon reviewing the application, Grace gave each employee a job, a salary, and a designated starting date.

Appellants alleged two causes of action. The first was based on section 16 of the Act (11 L.P.R.A. § 16), which provides that the injured employee of an uninsured employer can both petition the Industrial Commission for compensation and also bring a suit for damages against the employer "just as if this chapter were not applicable". The second cause was based on an alleged breach of the employment contract in that Grace allegedly failed to maintain a safe place of employment as required by 29 L.P.R.A. § 322.

Grace filed a motion to dismiss for failure "to state a claim against defendant upon which relief can be granted,

---

1. Because there is a difference in the adequacy of claims asserted by the employee appellants and the widow and children of the deceased employee, see infra, our references to "appellants", unless otherwise noted, shall be only to the employee-appellants.

2. "Bagassosis" is an "industrial disease characterized by cough, difficult breathing, chills, fever, and prolonged weakness and caused by the inhalation of the dust of bagasse." Webster's Int'l Dictionary (3d ed. 1966). "Bagasse" is the crushed juiceless remains of sugar cane as it comes from the mill. Id.

or in the alternative to grant summary judgment for defendant under Rule 56." The district court granted summary judgment in favor of Grace on both causes. It held the first cause of action to be an ordinary tort action and hence barred by the one-year statute of limitations, 31 L.P.R.A. § 5298. As to the second cause of action, it held that there was no authority justifying the maintenance of a contract action and that any civil action, assuming one did exist, for noncompliance with a criminal statute would also be barred by the one-year statute of limitations. We affirm.

The interesting question presented by this appeal is whether or not a civil cause of action sounding in contract can be predicated on an employer's alleged violation of a criminal "safe place" statute. If it can, appellants are not barred by the one-year limitations period applying to ordinary tort actions, 31 L.P.R.A. § 5298, but come within the fifteen-year period applicable to personal actions "for which no special term of prescription is fixed". 31 L.P.R.A. § 5294.

Appellants' chain of reasoning is the following. The Constitution of Puerto Rico, Article II, Section 16, assures to each employee "protection against risks to his health or person in his work". The Puerto Rico "safe place" statute, 29 L.P.R.A. § 322 et seq., requiring employers to measure up to prescribed safety standards, implements the constiutional requirement and is an implied condition of the contract of employment between appellants and their employer. Therefore, the alleged failure of appellee to conform to the requirements of the "safe place" statute, while affording basis for an action in tort, is also a basis for an action *ex contractu*, the tort capable of being waived. The result, according to this line of argument, is that the longer limitations period for contractual actions is applicable.

Appellants buttress this reasoning by citing Arroyo v. Caldas, 68 P.R.R. 639 (1948). *Arroyo* held that the suit of an inhabitant of a penthouse against a landlord for injuries caused by the latter's negligent failure to repair belonged in the category of actions for negligence which also involved breach of a prior obligation—in that case, the statutory responsibility of a landlord to make necessary repairs. Such actions come within 31 L.P.R.A. § 3018, are subject to the fifteen-year statute of limitations, 31 L.P.R.A. § 5294, and are distinguished from such simple actions of negligence unconnected with prior obligations as rest upon 31 L.P.R.A. §§ 5141, 5142. Appellants also invoke the Spanish commentator Manresa, 12 Manresa, Codigo Civil Espanol (1951), at pp. 642–43, the thrust of whose observations was that Article 1902 of the Spanish Civil Code (source of Article 1802 of the Civil Code of Puerto Rico, i. e., 31 L.P.R.A. § 5141) covered only the kind of negligence or fault which did not involve a breach of contract or violation of a penal statute. *Arroyo*, involving negligence which was also a breach of a prior obligation implied by law, is an exemplification of this Manresa exposition.

The second cause of action in this case, however, cites as the basis of the alleged wrong the violation of a penal statute. As to this kind of fault, Manresa observed, " * * * this civil liability can subsist only alongside the criminal responsibility, and, consequently, its examination and regulation pertain to the penal law." Manresa, op. cit., p. 643. The Revised Civil Code of 1902, section 1059, was consistent with this tradition, and provided that civil obligations arising from crimes were to be governed by the provisions of the Penal Code. In 1904, however, section 1059 was revised to read: "Civil obligations, arising from crimes or misdemeanors, shall be governed by the provisions of this [i. e., the Civil] code." In Guzman v. Vidal, 19 P.R.R. 800 (1913), the court frontally recognized that while in previous Spanish practice article 1902 of the Spanish Civil Code (source of 31 L.P.R.A. § 5141) was reserved only for wrongs when there is fault or negligence not of a criminal nature, this article in the Revised Civil Code, after the 1904 amendment, includ-

ed civil causes arising from crimes. The court then proceeded to apply the one-year limitations period to a civil suit seeking damages from rape.

Appellants seek to distinguish *Guzman* on the ground that their cause of action does not arise from breach of a criminal statute per se but from breach of a contract of employment embracing the criminal statute. But 31 L.P.R.A. § 2993 states in part, "Obligations arising from law are not presumed. Those expressly determined in this Code or in special laws are the only demandable ones * * *." We shall not presume, especially in the complete absence of any precedent from the Supreme Court of Puerto Rico, that a criminal statute may be the basis of civil liability not only in tort but also in contract. Were we to do so, we would be countenancing the kind of "doctrinal revolution" we eschewed in Maryland Casualty Co. v. Figueroa, 358 F.2d 817 (1st Cir. 1966). There would be countless penal laws applicable to labor-employer relations, transportation, utilities and other fields, violations of which would not only invoke the prescribed fines and imprisonment but the inchoate possibility of civil suits in contract up to a decade and a half after the event.

■ We therefore hold, as did the district court, that even if a civil action could be predicated on a violation of 29 L.P.R.A. § 322, it would "sound" in tort and be subject to a one-year period of limitations.

■■ Appellants' first cause of action can be disposed of briefly. They argue that 11 L.P.R.A. § 16, in allowing an employee to sue an uninsured employer "just as if this chapter were not applicable" refers not to an ordinary tort action but creates a new action not covered by any specific statute of limitations period and therefore subject only to the fifteen-year period of 31 L.P.R.A. § 5294.

The district court rejected this contention, concluding on the basis of Quinones v. Mendez, 57 P.R.R. 100 (1940); Castro v. Marrero, 54 P.R.R. 189 (1939); and Silva v. Luce & Co., 44 P.R.R. 307 (1932), that the first cause of action was an ordinary negligence action and subject to a one-year limitations period. It observed that the case cited by plaintiffs below, Rivera v. Industrial Comm'n, 67 P.R.R. 526 (1947), did not support an opposite conclusion since *Rivera* dealt with an administrative proceeding and not, as does this case, with an action at law to recover damages for negligence.

We do not disagree with this analysis. But there is a shorter answer. Appellants, while conceiving of 11 L.P.R.A. § 16 as establishing a new cause of action, concede that they must allege negligence. But there is not the slightest intimation of negligence which can be distilled from the statement of the first cause of action. Even under appellants' theory, no cause of action is alleged.

■ As for the appellants who are widow and children of a deceased employee, they rely on 11 L.P.R.A. § 16 which allows "beneficiaries" of an employee to sue · an uninsured employer. But there is nothing in that statute to indicate that the traditional distinction between a decedent's personal action and an action accruing to dependents, see Caez v. U. S. Casualty Co., 80 P.R.R. 729 (1958), is obliterated. These appellants do not allege that they suffered damages personal to them or that decedent died as a result of bagassosis. They seek to press the same cause of action that decedent might have been able to assert prior to his death.

■■ The infant appellants seek to invoke 32 L.P.R.A. § 254 which tolls the running of statutes of limitations during minority. This, however, would avail them only if they sought relief for injuries personal to them. See Valentin v. Jaime, 86 P.R.R. 135 (1962). Even if the widow and children be regarded as suing as representatives of the deceased, their action must be brought within one year of decedent's death. 32 L.P.R.A. § 255.

Affirmed.